**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ERNEST LOVE JOYNER, III**                                                                             **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO.: 1:09CV201-SA-JAD**

**EASTERN BANK and JACK R. REED,**
as Trustees of Trust "B" of the Arland A. Dirlam Trust              **DEFENDANTS**

**ORDER GRANTING REMAND**

This action stems from a dispute over taxes paid by the Estate of Grace B. Dirlam. Plaintiff contends that Trust "B" of the Arland A. Dirlam Trust ("Trust B") must reimburse the Estate of Grace B. Dirlam, pursuant to the terms of the Trust Agreement, for taxes paid by that entity. The Plaintiff is a Mississippi resident. Named as defendants are the Trust B co-trustees, Eastern Bank, a Massachusetts Corporation, and Jack R. Reed, a Mississippi resident.

Defendant Eastern Bank removed this case from the Chancery Court of Lee County on August 6, 2009. Eastern Bank asserts that Defendant Jack R. Reed's residency within this State cannot defeat diversity jurisdiction because he is also a co-trustee of the Grace B. Dirlam Family Trust. Eastern Bank asserts that the Grace B. Dirlam Family Trust would be a beneficiary of any favorable ruling that might be obtained by the Estate of Grace B. Dirlam; thus, Jack R. Reed is improperly joined as a defendant and must be realigned as a plaintiff in this action.

This Court recognizes its authority to realign parties with respect to their real interests. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, 64 L. Ed. 2d 425, 100 S. Ct. 1779 (1980); United States v. Sentinel Fire Ins. Co., 178 F.2d 217, 233 (5th Cir. 1950); Wise v. Ill. Cent. R.R. Co., 2009 U.S. Dist. LEXIS 105423 (N.D. Miss. Nov. 12, 2009). However, realignment in this case is not proper.

Jack R. Reed is a co-trustee of two trusts: Trust "B" of the Arland A. Dirlam Trust and the Grace B. Dirlam Family Trust. Regardless of the outcome of this case, one of the trusts for which Jack R. Reed is a trustee will be affected. If Plaintiff prevails in this action, the Grace B. Dirlam Family Trust will indirectly benefit; if Plaintiff does not prevail, Trust B will also benefit, albeit indirectly.

The burden, on a motion to remand, is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

Defendant Eastern Bank has not sustained its burden that federal jurisdiction does exist. Jack R. Reed's interests can not be solely aligned with the Plaintiff's. Thus, the parties are non-diverse, and this Court lacks subject matter jurisdiction.

*Conclusion*

The Court finds that the Plaintiffs' contentions concerning remand are well taken. The Defendant has not met its burden of establishing the existence of federal diversity jurisdiction, and therefore, the Plaintiffs' Motion to Remand this cause is granted.

The Clerk of Court is directed to REMAND this action to the Chancery Court of Lee County, Mississippi, for further adjudication.

SO ORDERED, this the 3rd day of February, 2010.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**